FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   2003 MAY -9  AM 10: 14
JASPER DIVISION

U.S. DISTRICT COURT
N D OF ALABAMA

MIKE CLARK,

    Plaintiff,

v.                                        CASE NO.: CV-02-J-2057-J

CITY OF JASPER, ALABAMA,

    Defendant.

ENTERED
MAY 9 2003

## MEMORANDUM OPINION

    This case comes before the court on the parties' cross motions for summary judgment (docs. 13 and 14), the parties' evidentiary submissions in support of their respective motions for summary judgment, and the parties' briefs in support of and in opposition to the pending motions. The plaintiff and defendant each submitted a request for oral argument. The court finding oral argument will not substantially assist the court, said requests are **DENIED**. The court has considered said motions, evidentiary submissions and written arguments.

### FACTUAL BACKGROUND

    The court finds the following facts to be undisputed:

    On July 8, 2000, the plaintiff, a police officer with defendant City, was involved in a motor vehicle accident while in pursuit of another vehicle. Complaint, ¶ 5. Due to circumstances surrounding the accident, Police Chief Robert Cain referred

19

the matter to a peer review board, which, after meeting, recommended that the plaintiff be suspended for three days without pay. Complaint, ¶ 8. Based on that recommendation, Chief Cain suspended the plaintiff for three days without pay. Complaint, ¶ 9. The plaintiff, prior to serving the suspension, requested a hearing before the Civil Service Board of the City of Jasper. Complaint, ¶ 12. A hearing was scheduled, but before it was held, the City of Jasper filed an action in the Circuit Court of Walker County for an injunction to prevent the Civil Service Board from holding hearings when the suspension in question was less than thirty days. Complaint, ¶ 13; plaintiff exhibit H; defendant exhibit 17. The Circuit Court of Walker County granted a permanent injunction, finding that "the Civil Service Board of the City of Jasper is without jurisdiction to hold any hearing or take any other action with respect to a suspension which is not greater than in duration than thirty (30) days." Order of the Circuit Court of Walker County, CV00-722, *City of Jasper v. Civil Service Board for the City of Jasper, Alabama*, October, 19, 2000 (submitted as plaintiff exhibit H, defendant exhibit 17). That Order was based on Act 65-113, Acts of Alabama, which created and governs the Civil Service Board for the City of Jasper. *Id.* Thereafter, the plaintiff served his suspension on October 28-30, 2000. Plaintiff's narrative summary of undisputed facts.

The plaintiff alleges he was not provided with adequate notice of the peer

review board hearing, and explanation of the City's evidence against him, reasonable notice of the nature and substance of the charges against him, and a reasonable opportunity to present "his side of the story." Complaint at ¶ 10. He asserts that the suspension therefore violated his procedural due process rights under 42 U.S.C. § 1983.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates

3

the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R. Civ.Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

## LEGAL ANALYSIS

To prevail upon his procedural due process claim, the plaintiff must establish: (1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. *See Lehr v. Robertson*, 463 U.S. 248, 256, 103 S.Ct. 2985, 2990-91, 77 L.Ed.2d 614 (1983); *Greenholtz v. Inmates of the Nebraska Penal and Correction Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); *Board of Regents v. Roth*, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). The defendant does not dispute that the plaintiff has a property interest in his position as a police officer with the City of Jasper. Rather, the sole dispute in this case is what process, if any, was due in connection with the plaintiff's three day suspension. *Nicholson v. Gant,* 816 F.2d 591, 598 (11th Cir.1987); citing *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985).

An essential principle of due process is that such a deprivation "be preceded by notice and the opportunity for hearing appropriate to the nature of the case." *Harrison v. Willie*, 132 F.2d 679, 683 (11th Cir.1998); citing *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). A tenured public employee is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495.

The court finds that a three day suspension without pay does implicate a property interest, however, that interest is limited at best. *See e.g., Hardiman v. Jefferson County Board of Education*, 709 F.2d 635, 637-38 (11th Cir.1983) (holding 90 day suspension to be *de minimus*). The brief and finite nature of a suspension distinguishes it from cases discussing due process where terminations are at issue. *Burch v. Rame,* 676 F.Supp. 1218, 1226 (S.D.Ga.1988).

In this case, Chief Cain referred the plaintiff's vehicular accident to the peer review board.[1] Cain depo. at 25. He sends whatever file he has for the incident to the review board, if they ask for it. *Id.* at 27. In this case, Chief Cain went before the review board to provide them with a copy of the wreck report and to play the in-car

---

[1] The peer review board was developed by Chief Cain to make things be fair. It is comprised of five members elected by the personnel and police department. Cain depo. at 24. He sends them situations where there is a problem and waits for a recommendation back from the board. *Id.* at 22-26.

camera tape. *Id.* at 28. He made no recommendation to the review board. *Id.* at 28-29. The peer review board has no authority to impose discipline. *Id.* at 29. The review board met regarding the plaintiff on July 21, 2000. *Id.* at 32; defendant exhibit 13. The plaintiff was called by the review board to come to the police station to write a statement. Clark depo. at 60-61. He gave a statement of the events that took place. *Id.* at 89. He asserts he had no prior notice of the review board meeting, but states he knew his accident was going in front of the review board. *Id.* at 83. He was further questioned by the review board as to the location of the pursuit at issue. Clark depo. at 62. The plaintiff has also previously given a statement to the officer who investigated the accident. Clark depo. at 63. *See also* defendant exhibits 10, 11. However, the plaintiff complains he brought this suit for not getting "the opportunity to even tell my story." Clark depo. at 88.

The plaintiff was notified, in writing, that he violated Article 4 of the City of Jasper Police Manual, Procedure 16, Vehicular Pursuit. Cain depo. at 36, 38; defendant exhibit 16. The plaintiff was furnished a copy of his employee disciplinary report on July 24, 2000, during a meeting with Chief Cain. Cain depo. at 38. This was his first notification that he was charged with violating Article 4, Procedure 16 of the manual. Cain depo. at 39. *See also* defendant exhibit 14. The report was prepared after Chief Cain received the review board's recommendation that the

7

plaintiff should be suspended for three days without pay. Cain depo. at 40. During their meeting, Chief Cain gave plaintiff the opportunity to tell his side of the story. *Id.* at 42, 46. The defendant does not dispute the plaintiff received no post-suspension hearing. *Id.* at 46-47, 74.

The plaintiff does not dispute that Chief Cain has the right to impose discipline. Rather, he states that this discipline was in error because he did nothing wrong. Clark depo. at 57-58, 72, 73, 89-90. The plaintiff testified in his deposition that he believes Chief Cain to be fair and that he tries to listen to each situation. *Id.* at 92. However, he was not fair on this occasion because the plaintiff's discipline was different from that imposed on other officers who damaged police cars. *Id.* at 93. The plaintiff did not actually take three days off without pay until the end of October, three months later. *Id.* at 72.

Thereafter, the plaintiff requested a hearing in front of the Civil Service Board of the City of Jasper. Before such a hearing could be held, the City of Jasper filed suit in the Circuit Court of Walker County for an injunction to prevent such hearing from occurring, on the basis that the statute authorizing the Civil Service Board to act only allows such action in cases where the suspension exceeds 30 days. Plaintiff Exhibit H. The plaintiff was allowed to intervene in that litigation. That court thereafter ruled that the Civil Service Board was without authority to hold hearings in cases where an

employee was suspended for less than 30 days.[2]  Plaintiff Exhibit H.

The court finds that the plaintiff here received all of the process he was due. The plaintiff suffered a three day suspension without pay. His loss in pay amounts to $321.36. Clark depo. at 74; defendant exhibit 7. Additionally, the plaintiff concedes that his meeting with Chief Cain "satisfies the pre-suspension hearing component of procedural due process." Plaintiff's response to defendant's motion for summary judgment, at 16. The plaintiff does not dispute he was furnished notice of the charges in a timely manner. *See e.g., Harrison*, 132 F.3d at 684. The plaintiff also had the opportunity to be heard, as he furnished a written statement to the review board of his version of the facts, and thereafter met with Chief Cain and could again state his version of the facts.

This court disagrees that the plaintiff is entitled to a post-suspension hearing as well. Unlike the cases upon which the plaintiff relies, the plaintiff here was not given a suspension as a precursor to a termination. His suspension did not result in a demotion, denial of a promotion or any other job benefit of note.[3] Clark depo. at 28,

---

[2]The defendant argues that, since the plaintiff was allowed to intervene in that case, the case before this court is barred by *res judicata* and/or *collateral estoppel*. This court disagrees. The issue before the Circuit Court was necessarily only whether the Civil Service Board was within its authority to hold the hearing requested. The Circuit Court did not consider the validity of the plaintiff's three day suspension. Defendant exhibit 17. That issue is not before this court. Rather, the sole issue before this court is whether the plaintiff received the process to which he was due, regardless of what entity afforded that process.

[3]The plaintiff has received a pay increase and moved from patrol to a drug task force, at his request, by Chief Cain, since the date of his suspension. Clark depo. at 22-24; defendant

105-106. Thus, having received notice of the charges against him and an opportunity to be heard, the plaintiff has received all of the process to which he was due. Because any infringement of the plaintiff's property interest was *de minimus*, the plaintiff was not entitled to any more process than what he received. *See Hardiman*, 709 F.2d at 638.

## CONCLUSION

It is therefore **ORDERED** by the court that the defendant's motion for summary judgment (doc. 14) be and hereby is **GRANTED,** the court finding no genuine issues of material fact remain and that the defendant is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment (doc. 13) is **DENIED**.

**DONE** and **ORDERED** on the \_\_\_\_8\_\_\_ day of May, 2003.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON

---

exhibit 8. The plaintiff is also in charge of the tactical team, having been so appointed by Chief Cain. Clark depo at 24-27. He has received superior performance reviews since the date of the suspension. *Id.* at 78.